Bernacchi v. First Chicago Insurance Mr. Sensen. No, you are Mr. Sensen. Where is Mr. Hinks? You come and sit at council table, Mr. Hinks. All right, now, Mr. Sensen. Great. Good morning, Your Honors. So, I think I'm going to just jump right in here and talk a little bit about this case. Hopefully I can get through this argument without a jurisdictional question, which I noticed up in the air this morning. We'll see if we can find one, just for your amusement. So, when you go, when you buy insurance, when you buy auto insurance, you do so with the expectation that if you get into an accident with somebody else, and they're underinsured or they're uninsured, like they are in this case, that you can go then and collect that money, that underinsured coverage, from your own carrier. Mr. Sensen, how many cases have you brought about this? This issue? I brought, I think, three. Three. One in federal court, one in state court, and one in the Illinois Insurance Bureaucracy. You are aware the 28 U.S.C. in 1927 makes it sanctionable to multiply the proceedings. This looks like the definition of multiplying the proceedings. Whoa, whoa, whoa. So, let's go back here. So, the case that's in state court has nothing to do with any of the issues here. It wasn't against the cab companies or First Chicago and didn't involve them at all. The case that was in state court was against the defendant driver, at-fault driver, who ended up getting defaulted because they didn't show up and they didn't have any insurance. So, there's nothing in that case that would bear upon that. What about the state court determination that the insurance coverage applied here? Right. So, what happened there, that was just on that issue. And the issue gets down to the cab companies are required under the law to have $350,000 in coverage. They can reduce that amount to $25,000 if there's a written waiver signed when they do it. Traditionally, they always get the written waiver signed. But what happened was I kept asking for it. They never produced it. Eventually, I filed suit and then they conceded to the chancery judge, Judge Taylor, hey, we don't have this waiver. So, then he entered an order saying there's $350,000 worth of coverage. Was that a declaratory judgment action? Yes. And what was the nature of it, seeking that First Chicago had to cover your client? Yes. So, it was a coverage determination. Yes. And it was only to the issue of, hey, is there $350,000 in coverage or is there only $25,000? So, it wasn't to the threshold issue of whether coverage existed in the first place? No. No. Okay. There was no dispute that there was underinsured coverage or uninsured coverage. They said they thought this waiver existed, but they were never able to produce it. He had to file suit and then at some point the lawyers come in and say we don't have this waiver and then we agreed to do it. So, once it got filed, it was rather a quick proceeding, but it really had nothing to do with the issues here. Is the state court lawsuit still pending, the preliminary injunction, the personal injury? No. I mean, it's over. The defendant's been, you know, there's... So, a judgment has been entered because they never showed up. Default judgment. Yeah, but we never proved it up. It's just kind of like... So, it's still pending? Yeah, it's still pending technically, but it's... What about the state administrative proceeding? Okay. So, if you look at Exhibit C of our motion to strike, it has the correspondence regarding that, and all I did in that case was, on behalf of my client, I wasn't getting any traction in federal court before the district court, so I sent a copy of the complaint in this case over to the Department of Insurance just to see if that could help my client, and they wrote back like they always write back. One, they told my client, one, you've got a lawyer, so we're not going to interfere with the attorney-client privilege, and two, you have pending litigation, and so we're not going to get involved. But even when my clients not have pending litigation, I've never had a case where they've been willing to get involved on an allegation of bad faith. So, I mean, I don't want to get too philosophical here, but in my opinion, there's this concept called regulatory capture, which is basically where an agency doesn't hardly regulate the companies that it's supposed to be regulating, and at least as to this type of claim, which is please adjust the claim, I've never seen a case where the Illinois Department of Insurance has done anything on any of them. And I wrote them back, and I said, listen, I think you're abdicating your responsibilities by not doing this, and they basically said, no, you're the lawyer, you need to go to court. So why don't you seek judicial review in state court? As the district judge said, the state laws on which you rely don't create private rights of action. They create administrative claims. And you file before an agency, and the agency tells you to take a flying leap, and that's reviewable in state court. Well, I don't think that they just wrote a letter. That's the way this works. It's not like they made a judicial decision. They just sent letters out. You can see the letters that they sent. And in fact, the cab company- If an agency rejects your claim and closes the case, that's reviewable, but in state court, not federal court. It's the same thing that happens if you file a claim before the Federal Trade Commission, or, for that matter, before an immigration judge employed by the Department of Justice, if you want to think about the last case. And that may be, I'm not familiar with that, and I'm not disagreeing with the court on that, but it doesn't excuse or change the fact that for a breach of contract, seeking specific performance with my client living in Michigan and the company being headquartered in Illinois, there's diversity. But you haven't brought a breach of contract. Well, I tried to amend the complaint to do that, and Judge Tharp refused to let me amend it. He first dismisses it under 12b-6. I've read the record. All of your claims were based on violations of the Illinois Insurance Code, and he found no private right of action, and even asked you during oral argument, and I don't remember if it was you or another lawyer, but even asked your client's lawyer in the courtroom, are you proceeding on a breach of contract, or is there a contract at issue? And the answer was no. I disagree that the record says that, and I think that the facts are inconsistent with that. So here's my understanding. Where in your complaint that the court addressed was there a breach of contract alleged? So let me explain my understanding of the procedural history and try to clarify it at least for you. Or if you could take the last question first, please. Your complaint, that's the operative complaint before this court that we're reviewing the decision on, I didn't see a breach of contract claim anywhere in there. Do you agree with that? There was one count. It was for specific performance. That's it. But based upon regulatory violations or violations of the Illinois Insurance Code, not on a contract. It was specific performance of the contract. It was. The contract was attached. It was for specific performance of the contract. And then after he dismissed it under 12b-6, I refiled a three-count complaint, which he would not allow me to present, and there were three counts in that. One was breach of contract. Two was an implied right of action under the administrative code regulations. And the third one was a replete of the specific performance request for breach of contract. And he did not let me file that. And a frustration to me was, of course, the fact that a frustration to me was that the reasons he had dismissed it were not reasons that the defendant had raised when he dismissed it. I mean, what my client wants is very simply an insurance company to do its job, which is when it gets a claim in February 2021, tell me three things. One, who's at fault for this accident? Two, is there coverage? And three, finally, what are the total damages that they calculate my client's entitled to? And then once we do that. Just a minute, please. Where in the policy are those requirements? In other words, where in the policy is there a requirement to adjust the policy, including admitting or denying liability, stating its assessment of her damages, providing the factual basis for the calculation, and within a certain time period? Where is it? Okay, so what the policy is, is it's an adhesion contract. So the insurance company gave my client lots of duties, and they didn't give themselves any duties. However, the policy does say that they're going to pay compensatory damages if it turns out that the tort fees are underinsured or uninsured. And so that part is in the policy. It also says that- That's all it requires, it seems. But the duty of good faith and fair dealing, which is implicit in all contracts, and under the Illinois Supreme Court case of Boyles, applies to insurance contracts, specifically says that under good faith and fair dealing, that you have to implicate or you have to give them duties with respect to that duty to pay compensatory damages. Additionally, you only get to arbitration if the parties disagree. And in this case, since they have no position on coverage, they have no position on liability. Thank you, Mr. Simpson. Thank you. Mr. Hinks. Yes, good morning, Your Honors. Patrick Hinks on behalf of the appellee for Chicago Insurance Company and Chicago 7CAT. Please, the Court. This case is an interesting one, and it's unique in that the brief that was filed, the complaint that was filed with the district court seeking specific performance, I've never seen that before in this type of insurance setting. I'm not a typical insurance defense counsel, but at the end of the day, the arguments that were made, the appeal that was made, the original contract asked for specific performance of the insurance contract. An insurance contract specifies the party's rights and obligations. In the event the parties disagree, there's an arbitration provision. The appellant's primary argument was they want the insurance company to adjust the claim faster. They're not doing it fast enough. So really, what they're asking for is not to specifically perform the contract. They're asking to add terms to the contract. As the district court specifically said, nowhere does the insurance contract place time deadlines for the handling of claims per the contract. Nothing. There's nothing for this district court to specifically enforce. This claimant is seeking to add terms, not specifically enforce existing terms, but to add terms, terms that don't exist. This is a contract that is an insurance contract, again, that is in a heavily regulated industry. The insurance contracts are approved by the Department of Insurance. You have to file and get them approved. This is not something that is unusual, and there are no Illinois cases requiring insurance companies to do what this claimant is asking this court  Not one single case in Illinois requires adjustment. Yes, ma'am. Sorry. I'm sorry. If First Chicago simply refused to take any action whatsoever regarding the claim, would the only recourse be to file a claim with the Department of Insurance? I would say, you know, refused is, I mean, do absolutely nothing. Is that what your question is? Yeah. I would think the Department of Insurance has the regulatory capacity to do that. The initial recourse for a claimant in that situation would be to file a claim with the Department of Insurance. You know, refusing to do nothing, that would arguably be a breach of contract, I would think, because they're not doing anything, and I don't think that's certainly not the facts in this case. But you agree in that scenario that they could also bring a breach of contract claim against First Chicago? If they did, again, it's arguable. I'm not certain. I mean, it's arguable. Doing nothing, that's not the facts here in this case, certainly. Doing nothing, I guess, if they're advocating their duties. It sounds like you are agreeing that Bernacci is a third-party beneficiary of this contract. Correct. I would think that's fair, yes. But how would arbitration proceed when Bernacci is not a party to the contract? Well, I mean, the original underlying claim that Mr. Simpson said referred to— The insurer and the cab company are parties to the contract. Correct. And they have to arbitrate. But only contracting parties can be required to arbitrate. All of her rights evolve from the insurance contract that exists. What does that have to do with arbitration? Well, if— They're fairly simple rules. Only people who can be required to arbitrate are people who have agreed to arbitrate, which Bernacci never did. Correct. She certainly was not a specific party to the contract. This would be a third-party beneficiary. Again, there is an underlying case that's pending. He said it's defaulted because the insurer didn't show up. At the end of the day, there is an underlying personal injury case that will go to arbitration or will not if he chooses not to. He's refused to arbitrate at this point. Okay, well then proceed with the underlying case and try and enforce the judgment against our insured, who then you could then have a third-party garnishment to try and enforce against the insurance company. Could they bring you into that case? Yes, as a third-party garnishment. Sure. That happens all the time. I'll continue then. So, again, the argument—we agree with the district court's opinion. The argument, there is simply nothing in this insurance contract for the district court to specifically enforce. It's not a breach. Again, they're asking the court to add terms to the contract that don't exist.  May I ask you— Certainly. Forgive me. The policy language, it requires for Chicago to pay the damages that she would be entitled to from the uninsured driver, right? Correct. Doesn't that require for Chicago to at least assess the damages owed and proffer whatever? Why isn't the failure to do so—why wouldn't that be a proper claim of breach of contract? Well, it might be, but that's not the facts here, Your Honor. We've assessed the case. We have assessed the case. There was a settlement offer, and the parties don't agree. I mean, it's that simple. The real issue, if you want to get into the weeds here, is we don't agree on the damages that his client is claiming. It's that simple. She was injured. No one disputes that. The issue is, is she entitled to be compensated for a knee replacement surgery that we have no evidence that was directly attributable to this accident? This is an injury—she hit her knee, and do we know that the knee replacement surgery is part of the damages? It's that simple. It's not before this court, and I apologize for that, but that's what the issue is here. Why are you apologizing? Because I brought up the damages issue, and it's not before this court. That's all. Okay. That's all. But I think that, you know, you're helping us. I don't know. Thank you. The issue that the appellant argued regarding the party presentation principle that the circuit court rest, I mean, that's he said, she said. You can read the transcript. It was clearly argued, as the judge said, strenuously. But, again, that's he said, she said, and it's rendered moot, frankly, because the motion for reconsideration, the appellant filed in the motion to reconsider. You know, also a motion to file an amended complaint that included the two new counts, and the two new counts were independent counts of breach of the covenant of good faith and fair dealing and the applied private right of action. Neither of those are going to satisfy and state a cause of action. It's just not, they're not there. Certainly in Illinois law, breach of covenant of good faith and fair dealing is not an independent cause of action and fails. As well, the implied private right of action also fails in that, you know, these require clear manifest errors of fact or law by the underlying court. That's not here. And additionally, in terms of the implied private right of action, one of the elements is that there's no valid remedies. And the appellant addresses that in its briefs. But at the end of the day, there is remedies. The remedies are specifically enumerated in the insurance code. They can file a complaint with the Department of Insurance. Under Section 155 of the Illinois Insurance Code, they have rights for vexatious delay. If they prevail, they can get attorney's fees. They can get additional damages, et cetera. And I wanted to add, judge, if you have a question, please. Go ahead. I wanted to add, you know, Mr. Simpson referred to the regulatory, that they do nothing. I assure you. The power of the state also goes to liquidating, as far as liquidating of the company. This is not something that is, you know, ignored by insurance companies. Certainly not this defendant. And I've got 14 seconds if there's any other questions. Just to confirm, there is no judgment entering a specific amount in the underlying personal injury claim? That is correct. In the state court? That is correct. Okay. And with zero seconds, I will. Thank you for your time today. Thank you, counsel. Case is taken under advisement.